IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| LEAANN DUNN, PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES EDWARD HOLSTINE,<br><br>Plaintiff,<br><br>vs.<br><br>AIR METHODS CORPORATION, LIFENET, INC. d/b/a ARCH AIR MEDICAL SERVICE, ESSEX INDUSTRIES, INC., and FERNO AVIATION, INC.,<br><br>Defendants. | CIVIL ACTION NO: 16-3036 |

## NOTICE OF REMOVAL

TO: Canda Reese
BAXTER COUNTY CIRCUIT CLERK
Courthouse, One East 7th Street
Mountain Home, AR 72653

Steve Garner
Neil Chanter
Grant Rahmeyer
STRONG, GARNER, BAUER, P.C.
415 E. Chestnut Expressway
Springfield, MO 65802

Jeffrey L. Singleton
Baxter D. Drennon
WRIGHT LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201

Tony A. DiCarlo, III
Randy Murphy
ANDERSON MURPHY HOPKINS, L.L.P.
400 West Capitol Avenue, Suite 2400
Little Rock, AR 72201

Please take notice that the above-captioned case, filed as Case Number CV-2015-110-1 in the Circuit Court of Baxter County, Arkansas, has been removed by the Defendant, Essex Industries, Inc. ("Essex"), pursuant to 28 U.S.C. § 1441. As grounds for this Notice of Removal, Essex states as follows:

## NATURE OF THE CASE

1. On February 4, 2016, Plaintiff LeaAnn Dunn, personal representative of the estate of James Edward Holstine, filed her First Amended Complaint in the Circuit Court of Baxter County, Arkansas, Case Number CV-2015-110-1.

2. Essex was served on February 23, 2016.

3. Plaintiff's First Amended Complaint seeks damages for the death of James Edward Holstine as a result of the alleged negligence and other wrongful acts of Defendants.

## VENUE AND CONSENT

4. Pursuant to 28 U.S.C. Section 1446(a), the United States District Court for the Western District of Arkansas, Harrison Division, is the appropriate Court for the filing of this Notice of Removal from the Circuit Court of Baxter County, Arkansas, where the action is pending.

5. Defendants Air Methods Corporation, Lifenet, Inc., d/b/a Arch Air Medical Service, and Ferno Aviation, Inc., consent to this removal.

## SUBJECT MATTER JURISDICTION

6. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Essex has satisfied all procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND ALL DEFENDANTS

7. Diversity jurisdiction exists as this is an action between Plaintiff, a citizen of the State of Arkansas, and Defendants, who are citizens of states other than Arkansas.

8. Upon information and belief, Plaintiff is an Arkansas citizen.

9. Defendant Essex is a Missouri Corporation with a principal place of business in

St. Louis, Missouri.

10. Defendant Air Methods Corporation is a Delaware Corporation with a principal place of business in Englewood, Colorado.

11. Defendant LifeNet, Inc. d/b/a Arch Air Medical Service is a Missouri Corporation with a principal place of business in Clayton, Missouri.

12. Defendant Ferno Aviation, Inc. is an Ohio Corporation with its principal place of business in Georgia.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . .").

14. In her First Amended Complaint, Plaintiff alleges that Defendants caused the death of James Edward Holstine. In such cases, Arkansas courts have upheld awards far in excess of $75,000.00 for actual and punitive damages. *See, e.g., Union Pac. R.R. Co. v. Barber*, 149 S.W.3d 325 (Ark. 2004) (affirming award of $5.1 million in compensatory damages and $25 million in punitive damages); *Advocat, Inc. v. Sauer*, 111 S.W.3d 346 (Ark. 2003) (allowing award of $10 million compensatory and $21 million in punitive damages).

15. Indeed, in her prayer for relief in her First Amended Complaint, Plaintiff seeks to recover a variety of damages against Defendants "in a total amount more than needed for federal diversity jurisdiction[.]" (First Amended Complaint, "Wherefore" clause, p. 11.) Thus, the explicit allegations in Plaintiff's First Amended Complaint establish that the jurisdictional amount in controversy is satisfied.

16. Accordingly, the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

17. The foregoing decisions and evidence establish "by a preponderance of the evidence" and, indeed, to a "legal certainty" that the amount in controversy satisfies the requirements for federal jurisdiction. *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000).

18. Thus, this action may be removed to this Court by Essex under 28 U.S.C. § 1441(a) because: (1) this matter is a civil action pending within the jurisdiction of the United States District Court for the Western District of Arkansas, Harrison Division; (2) the action is between properly-joined citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

19. Under 28 U.S.C. § 1446(b), this removal is timely. This Notice of Removal is filed within 30 days of the date of service of the initial pleading upon Essex Industries. *See Marano Enters. of Kansas v. Z-Teca Rests.*, 254 F.3d 753 (8th Cir. 2001).

## FILING OF REMOVAL PAPERS

20. Pursuant to the requirements of 28 U.S.C. Section 1446(a), the entirety of the state civil action file, including all process, pleadings, and papers served on Essex in this action, are attached hereto collectively as Exhibit 1 and are incorporated herein by reference.

21. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 2. Promptly after filing this action, Essex will serve the Notice of Removal on Plaintiff's Counsel and will file a copy with the Circuit Court of Baxter, Arkansas as required by 28 U.S.C. Section 1446(d).

22. Copies of Defendants' Consents to Removal are attached hereto as Exhibit 3.

23. Under the provisions of 28 U.S.C. Section 1441 and all applicable statutes, all of which Essex has complied with, this case is removed to the United States District Court for the Western District of Arkansas, Harrison Division.

### DEMAND FOR JURY TRIAL

24. Essex hereby demands a jury trial as to all claims triable in this action.

**WHEREFORE**, Defendant Essex Industries, Inc. gives notice of the removal of the case captioned *LeaAnn Dunn, personal representative of the estate of James Edward Holstine v. Air Methods Corporation, Lifenet, Inc., d/b/a Arch Air Medical Service, Essex Industries, Inc., and Ferno Aviation, Inc.*, Case No. CV-2015-110-1, pending in the Circuit Court of Baxter County, Arkansas, to this Court.

Dated this 22nd day of March, 2016.

Respectfully submitted,

Donald H. Bacon, AR Bar No. 78007
FRIDAY ELDREDGE & CLARK
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
(501) 370-1539 – Telephone
(501) 244-5352 – Facsimile
bacon@fridayfirm.com – Email

*Attorneys for Defendant Essex Industries, Inc.*

By: _____
Donald H. Bacon

## CERTIFICATE OF SERVICE

I, Donald H. Bacon, hereby certify that a copy of the foregoing pleading has been served on the following counsel of record on this 22nd day of March, 2016:

Steve Garner
Neil Chanter
Grant Rahmeyer
STRONG, GARNER, BAUER, P.C.
415 E. Chestnut Expressway
Springfield, MO 65802

*Attorneys for Plaintiff LeaAnn Dunn,
personal representative of the Estate of
James Edward Holstine*

Jeffrey L. Singleton
Baxter D. Drennon
WRIGHT LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201

*Attorneys for Defendants Air Methods Corporation
and LifeNet, Inc. d/b/a Arch Air Medical Service*

Tony A. DiCarlo, III
Randy Murphy
ANDERSON MURPHY HOPKINS, L.L.P.
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas 72201-4851

*Attorneys for Defendant Ferno Aviation, Inc.*

_____
Donald H. Bacon

6