## IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS

LEAANN DUNN, PERSONAL )
REPRESENTATIVE OF THE ESTATE )
OF JAMES EDWARD HOLSTINE, )
)
Plaintiff, )
)
vs. )
)
AIR METHODS CORPORATION, )
**Serve Registered Agent:** )
The Corporation Company )
124 West Capitol Avenue, Suite 1900 )
Little Rock, AR 72201 )
)
and )
)
LIFENET, INC. d/b/a ARCH AIR )
MEDICAL SERVICE )
**Serve Registered Agent:** )
CT Corporation System )
120 S. Central Ave., Suite 400 )
Clayton, MO 63105 )
)
Defendants. )

**FILED**

1:02 P M

MAY 1 1 2015

Canda ?___ Clerk
by D.C. _____

Case No.

CV-2015-110-1

### COMPLAINT

COMES NOW plaintiff LeaAnn Dunn, Personal Representative of the Estate of James

Edward Holstine, on behalf of the statutory beneficiaries of James Edward Holstine and the Estate

of James Edward Holstine, and for this cause of action against Air Methods Corporation and/or

LifeNet, Inc. d/b/a ARCH Air Medical Service, states as follows:

1.      Plaintiff LeaAnn Dunn is a resident of Fulton County, Arkansas. She is the Personal

Representative of the Estate of James Edward Holstine, having been appointed by the Probate Court

of Fulton County, Arkansas on April 2, 2015, and she is the proper person to bring this cause of

action, pursuant to Ark. Code. Ann. § 16-62-102.

**EXHIBIT**

**1**

PENGAD 800-631-6989

2.      Air Methods Corporation ("Air Methods") is a Delaware corporation. Service can be made upon Air Methods by serving the defendant's Registered Agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

3.      LifeNet, Inc. d/b/a ARCH Air Medical Service ("ARCH Air") is a Missouri Corporation. Service can be made upon ARCH Air by serving the defendant's Registered Agent, CT Corporation System, 120 S. Central Ave., Suite 400, Clayton, Missouri 63105.

4.      The alleged malpractice at issue in this case occurred in Baxter County, Arkansas. Jurisdiction and venue are therefore proper in Baxter County, Arkansas.

5.      At all times relevant herein, defendants Air Methods and/or ARCH Air accepted James Edward Holstine as their patient for the purpose of providing medical care and medical transportation from Baxter Regional Medical Center in Mountain Home, Arkansas to Barnes-Jewish Hospital in St. Louis, Missouri. As such, defendants Air Methods and/or ARCH Air owed a duty to James Edward Holstine to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendants' profession engaged in the same type of practice or specialty in the locality in which they practice or in similar localities.

6.      On August 18, 2014, James Holstine presented to the Fulton County Hospital in Salem, Arkansas. It was determined that Mr. Holstine had suffered a heart attack.

7.      On August 18, 2014, at approximately 14:26, James Holstine was transferred to Baxter Regional Medical Center in Mountain Home, Arkansas, where the physicians performed a balloon angioplasty.

8.      On August 20, 2014, Mr. Holstine's physicians at Baxter Regional Medical Center made the decision to transfer Mr. Holstine to Barnes-Jewish Hospital in St. Louis, Missouri.

9.      Defendants Air Methods and/or ARCH Air were contacted to transport Mr. Holstine. Defendants Air Methods and/or ARCH Air, via helicopter/crew ARCH 7 ("ARCH 7 "), left Baxter Regional Medical Center at approximately 16:46 with Mr. Holstine, en route to Barnes-Jewish Hospital in St. Louis, Missouri.

10.     It was medically necessary for Mr. Holstine to be connected to oxygen (O2) for the entire duration of the flight.

11.     By approximately 16:50, Mr. Holstine's oxygen saturation levels had already begun to drop.

12.     By 17:00, Mr. Holstine was complaining of shortness of breath and even stated "need more air." Mr. Holstine's oxygen saturation levels continued to drop.

13.     By 17:05, the ARCH 7 crew noted for the first time that there was no O2 being supplied from the aircraft to the patient, and that the portable tank was empty.

14.     By 17:10, the ARCH 7 crew attempted to ventilate Mr. Holstine with a Bag Valve Mask (BVM), hooked to AC O2, and noted the BVM O2 bag did not fill.

15.     By approximately 17:15, ARCH 7 landed at the Mountain View, Missouri airport to get him the oxygen which he should have had from the outset of the journey.

16.     Without oxygen, Mr. Holstine's oxygen saturation levels dropped from 95 at 16:46 to 50 by 17:33. At approximately 17:33, as a result of the respiratory arrest caused by the lack of oxygen, Mr. Holstine suffered a cardiac arrest. As a result, he suffered a massive hypoxic brain injury, from which he never recovered.

17.     By 17:42, the ARCH 7 crew transported Mr. Holstine, this time to St. Francis Mercy Hospital Mountain View, in Mountain View, Missouri. Mr. Holstine was treated in the Emergency Department at St. Francis Mercy Hospital Mountain View from 17:44, until approximately 19:50.

18.     Later that evening, Defendants Air Methods and/or ARCH Air sent helicopter ARCH 1 to St. Francis Mercy Hospital, to transport Mr. Holstine to Barnes-Jewish Hospital in St. Louis, Missouri.

19.     Mr. Holstine was in Barnes-Jewish Hospital ICU from August 20, 2014 until his eventual death on August 25, 2014.  He ultimately died from the hypoxic brain injury that he suffered, as a result of the ARCH 7 medical flight not having oxygen onboard.

20.     Defendants Air Methods and/or ARCH Air, by and through their duly-authorized agents, servants, and employees, failed to act in accordance with the standards used by members of their profession and were negligent in the following ways:

    a.     In failing to have an adequate oxygen supply on board the ARCH 7 helicopter;

    b.     In failing to properly check/test, prior to take off, that the ARCH 7 helicopter had an adequate oxygen supply;

    c.     In failing to timely recognize and/or respond to the fact that the patient was not receiving adequate oxygen, as evidenced by the patient's drop in oxygen saturation levels;

    d.     In failing to have adequate policies and procedures in place requiring employees to check that there was an adequate oxygen supply on board the ARCH 7 helicopter before transferring a patient;

    e.     In failing to properly train their employees to check that there was an adequate oxygen supply on board the ARCH 7 helicopter before transferring a patient;

    f.      In failing to have adequate back-up oxygen supplies on the ARCH 7 helicopter;

    g.      Any and all acts of negligence that may be discovered during the course of this action.

21.    The acts and omissions of defendants Air Methods and/or ARCH Air and their agents, servants, and/or employees, violated the standard of care for the members of their profession practicing in Baxter County, Arkansas and other similar localities.

22.    As a direct and proximate result of the negligence of defendants Air Methods and/or ARCH Air, James Edward Holstine died.  Moreover, he experienced conscious pain and suffering before his death.

23.    Because of James Edward Holstine's death, Rosetta Holstine, Shelia Middlebrooks, Marvene Mills, Yvonne Burch, LeaAnn Dunn, and Duana Batterton have been and in the future will be deprived of his services, earnings, companionship, comfort, instruction, guidance, counsel, and support. They have each also sustained mental anguish as a result of James Edward Holstine's death.

24.    Plaintiff has also incurred medical, funeral, burial, and other expenses as a result of James Edward Holstine's death.

25.    Defendants Air Methods and/or ARCH Air and their agents, servants, and/or employees knew, or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury, and they continued such conduct in reckless disregard of the consequences, from which malice may be inferred.  Therefore, Plaintiff prays for punitive damages against Defendants Air Methods and/or ARCH Air, in an amount sufficient to punish the wrongdoers, and to deter them and other wrongdoers from similar conduct.

26.    Plaintiff demands a jury trial.

27.     Plaintiff reserves the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damage claims as discovery develops.

WHEREFORE, plaintiff prays for damages against defendants Air Methods and/or ARCH Air which will fairly and reasonably compensate the estate and/or survivors of James Edward Holstine, and each of them, for his death, in an amount to fairly and reasonably compensate all damages recognized under the law and/or the applicable Arkansas Model Jury Instruction in a total amount more than needed for federal diversity jurisdiction, including but not limited to pecuniary injuries, mental anguish, loss of consortium, the decedent's loss of life, the reasonable value of funeral expenses, the conscious pain and suffering of the deceased prior to his death, medical expenses attributable to the fatal injury, the value of any earnings, profits, salary, working time lost by the deceased person prior to his death, all other expenses incurred as a result of his death, for punitive/exemplary damages, for attorney fees and costs, and for all other proper relief.

STRONG, GARNER, BAUER, P.C.

Steve Garner – AR Bar # 2012295
Neil Chanter - MO Bar # 49507
Grant Rahmeyer - AR Bar # 2012098
415 E. Chestnut Expressway
Springfield, MO 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
neilchanter@stronglaw.com
grahmeyer@stronglaw.com



## THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS
### CIVIL DIVISION

LEAANN DUNN, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JAMES EDWARD HOLSTINE,

Plaintiff,

vs.                                                    Case No. CV-2015-110-I

AIR METHODS CORPORATION,
LIFENET, INC. d/b/a ARCH AIR
MEDICAL SERVICE, ESSEX INDUSTRIES,
INC., and FERNO AVIATION, INC.

Defendants.

### SUMMONS

### THE STATE OF ARKANSAS TO DEFENDANT:

Essex Industries, Inc.
c/o Timothy E. Kastner, Registered Agent
12935 North Outer Forty, Suite 210, St. Louis MO 63141

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Steve Garner/Neil Chanter/Grant Rahmeyer, Strong-Garner-Bauer, P.C., 415 East Chestnut Expressway, Springfield, Missouri 65802

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Address of Clerk's Office
One East 7th
Mountain Home, AR 72653

CLERK OF COURT

Candy J. Reese Clerk

By: L. Smith, DC

[Signature of Clerk or Deputy Clerk]

2-4-16

Date: _____

[SEAL]

No. _____   **This summons is for** Essex Industries, Inc. _____

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name], a person at least 14
years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of
the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, MISSOURI

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address:          _____

_____

Phone:          _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____



## THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS
### CIVIL DIVISION

**LEAANN DUNN, PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF JAMES EDWARD HOLSTINE,**

**Plaintiff,**

      **vs.**                             **Case No. CV-2015-110-1**

**AIR METHODS CORPORATION,**
**LIFENET, INC. d/b/a ARCH AIR**
**MEDICAL SERVICE, ESSEX INDUSTRIES,**
**INC., and FERNO AVIATION, INC.**

**Defendants.**

### SUMMONS

### THE STATE OF ARKANSAS TO DEFENDANT:

Ferno Aviation, Inc.
c/o CT Corporation System, Registered Agent
1201 Peachtree St. NE, Atlanta, GA 30361

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Steve Garner/Neil Chanter/Grant Rahmeyer, Strong-Garner-Bauer, P.C., 415 East Chestnut Expressway, Springfield, Missouri 65802

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Canda J Reese, Clerk

By: K. Smith, DC

[Signature of Clerk or Deputy Clerk]

2-4-16

Address of Clerk's Office
One East 7th
Mountain Home, AR 72653

Date: _____

[SEAL]

**No. _____   This summons is for <u>Ferno Aviation, Inc.</u> _____**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name], a person at least 14
years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of
the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, MISSOURI

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address:        _____

_____

Phone:        _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

## IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS

LEAANN DUNN, PERSONAL  )
REPRESENTATIVE OF THE ESTATE  )
OF JAMES EDWARD HOLSTINE,  )
)
Plaintiff,  )
)
      vs.  )      Case No. CV-2015-110-1
)
AIR METHODS CORPORATION,  )
LIFENET, INC. d/b/a ARCH AIR  )
MEDICAL SERVICE and  )
)
ESSEX INDUSTRIES, INC.  )
Serve Registered Agent:  )
Timothy E Kastner  )
12935 North Outer Forty, Suite 210  )
St. Louis, MO 63141-8653  )
)
and  )
)
FERNO AVIATION, INC.  )
Serve Registered Agent:  )
CT Corporation System  )
1201 Peachtree St. NE  )
Atlanta, GA 30361  )
)
Defendants.  )

**FILED**
2:10 P M

FEB 0 4 2016

Canda J Rune Clerk
by D.C.

## FIRST AMENDED COMPLAINT

COMES NOW plaintiff LeaAnn Dunn, Personal Representative of the Estate of James Edward Holstine, on behalf of the statutory beneficiaries of James Edward Holstine and the Estate of James Edward Holstine, and for this cause of action against Air Methods Corporation and/or LifeNet, Inc. d/b/a ARCH Air Medical Service, Essex Industries, Inc., and Ferno Aviation, Inc. states as follows:

    1.    Plaintiff LeaAnn Dunn is a resident of Fulton County, Arkansas. She is the Personal Representative of the Estate of James Edward Holstine, having been appointed by the Probate Court

of Fulton County, Arkansas on April 2, 2015, and she is the proper person to bring this cause of action, pursuant to Ark. Code. Ann. § 16-62-102.

2.      Air Methods Corporation ("Air Methods") is a Delaware corporation.  Service can be made upon Air Methods by serving the defendant's registered agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

3.      LifeNet, Inc. d/b/a ARCH Air Medical Service ("ARCH Air") is a Missouri corporation.  Service can be made upon ARCH Air by serving the defendant's registered agent, CT Corporation System, 120 S. Central Ave., Suite 400, Clayton, Missouri 63105.

4.      Essex Industries, Inc. is a Missouri corporation.  Service can be made upon Essex Industries by serving the defendant's registered agent, Timothy E. Kastner, 12935 North Outer Forty, Suite 210, St. Louis, MO 63141.

5.      Ferno Aviation, Inc. is an Ohio corporation with its principal place of business in Georgia.  Service can be made upon Ferno Aviation by serving the defendant's registered agent, CT Corporation System, 1201 Peachtree St. NE, Atlanta, GA 30361.

6.      The alleged malpractice at issue in this case occurred in Baxter County, Arkansas. Jurisdiction and venue are therefore proper in Baxter County, Arkansas.

7.      At all times relevant herein, defendants Air Methods and/or ARCH Air accepted James Edward Holstine as their patient for the purpose of providing medical care and medical transportation from Baxter Regional Medical Center in Mountain Home, Arkansas to Barnes-Jewish Hospital in St. Louis, Missouri.  As such, defendants Air Methods and/or ARCH Air owed a duty to James Edward Holstine to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendants' profession engaged in the same type of practice or specialty in the locality in which they practice or in similar localities.

8.      On August 18, 2014, James Holstine presented to the Fulton County Hospital in Salem, Arkansas.   It was determined that Mr. Holstine had suffered a heart attack.

9.      On August 18, 2014, at approximately 14:26, James Holstine was transferred to Baxter Regional Medical Center in Mountain Home, Arkansas, where the physicians performed a balloon angioplasty.

10.     On August 20, 2014, Mr. Holstine's physicians at Baxter Regional Medical Center made the decision to transfer Mr. Holstine to Barnes-Jewish Hospital in St. Louis, Missouri.

11.     Defendants Air Methods and/or ARCH Air were contacted to transport Mr. Holstine. Defendants Air Methods and/or ARCH Air, via helicopter/crew ARCH 7 ("ARCH 7 "), left Baxter Regional Medical Center at approximately 16:46 with Mr. Holstine, en route to Barnes-Jewish Hospital in St. Louis, Missouri.

12.     It was medically necessary for Mr. Holstine to be connected to oxygen (O2) for the entire duration of the flight.

13.     By approximately 16:50, Mr. Holstine's oxygen saturation levels had already begun to drop.

14.     By 17:00, Mr. Holstine was complaining of shortness of breath and even stated "need more air." Mr. Holstine's oxygen saturation levels continued to drop.

15.     By 17:05, the ARCH 7 crew noted for the first time that there was no O2 being supplied from the aircraft to the patient, and that the portable tank was empty.

16.     By 17:10, the ARCH 7 crew attempted to ventilate Mr. Holstine with a Bag Valve Mask (BVM), hooked to AC O2, and noted the BVM O2 bag did not fill.

17.     By approximately 17:15, ARCH 7 landed at the Mountain View, Missouri airport to get him the oxygen which he should have had from the outset of the journey.

18.     Without oxygen, Mr. Holstine's oxygen saturation levels dropped from 95 at 16:46 to 50 by 17:33. At approximately 17:33, as a result of the respiratory arrest caused by the lack of oxygen, Mr. Holstine suffered a cardiac arrest. As a result, he suffered a massive hypoxic brain injury, from which he never recovered.

19.     By 17:42, the ARCH 7 crew transported Mr. Holstine, this time to St. Francis Mercy Hospital Mountain View, in Mountain View, Missouri. Mr. Holstine was treated in the Emergency Department at St. Francis Mercy Hospital Mountain View from 17:44, until approximately 19:50.

20.     Later that evening, Defendants Air Methods and/or ARCH Air sent helicopter ARCH 1 to St. Francis Mercy Hospital, to transport Mr. Holstine to Barnes-Jewish Hospital in St. Louis, Missouri.

21.     Mr. Holstine was in Barnes-Jewish Hospital ICU from August 20, 2014 until his eventual death on August 25, 2014. He ultimately died from the hypoxic brain injury that he suffered, as a result of the ARCH 7 medical flight not having oxygen onboard.

22.     Mr. Holstine's oxygen intake was severely limited as a result of a defective liquid oxygen (LOX) valve used by Air Methods and/or ARCH Air on the August 20, 2014 ARCH 7 flight. This valve was manufactured by Essex Industries and distributed by Ferno Aviation.

## Count I: Negligence

Plaintiff, for Count I of her cause of action against defendants Air Methods and/or ARCH Air, states and alleges as follows:

23.     Plaintiff incorporates by reference the preceding paragraphs, as though fully set forth herein.

24.     Defendants Air Methods and/or ARCH Air, by and through their duly-authorized agents, servants, and employees, failed to act in accordance with the standards used by members of

their profession and were negligent in the following ways:

    a.    In failing to have an adequate oxygen supply on board the ARCH 7 helicopter;

    b.    In failing to properly check/test, prior to take off, that the ARCH 7 helicopter had an adequate oxygen supply;

    c.    In failing to properly check/test, prior to take off, that the LOX valve was in proper working order;

    d.    In failing to timely recognize and/or respond to the fact that the patient was not receiving adequate oxygen, as evidenced by the patient's drop in oxygen saturation levels;

    e.    In failing to have adequate policies and procedures in place requiring employees to check that there was an adequate oxygen supply on board the ARCH 7 helicopter before transferring a patient;

    f.    In failing to properly train their employees to check that there was an adequate oxygen supply on board the ARCH 7 helicopter before transferring a patient;

    g.    In failing to have adequate back-up oxygen supplies on the ARCH 7 helicopter; and

    h.    Any and all acts of negligence that may be discovered during the course of this action.

25.    The acts and omissions of defendants Air Methods and/or ARCH Air and their agents, servants, and/or employees, violated the standard of care for the members of their profession practicing in Baxter County, Arkansas and other similar localities.

26.     As a direct and proximate result of the negligence of defendants Air Methods and/or ARCH Air, James Edward Holstine died. Moreover, he experienced conscious pain and suffering before his death.

27.     Because of James Edward Holstine's death, Rosetta Holstine, Shelia Middlebrooks, Marvene Mills, Yvonne Burch, LeaAnn Dunn, and Duana Batterton have been and in the future will be deprived of his services, earnings, companionship, comfort, instruction, guidance, counsel, and support. They have each also sustained mental anguish as a result of James Edward Holstine's death.

28.     Plaintiff has also incurred medical, funeral, burial, and other expenses as a result of James Edward Holstine's death.

29.     Defendants Air Methods and/or ARCH Air and their agents, servants, and/or employees knew, or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury, and they continued such conduct in reckless disregard of the consequences, from which malice may be inferred. Therefore, Plaintiff prays for punitive damages against Defendants Air Methods and/or ARCH Air, in an amount sufficient to punish the wrongdoers, and to deter them and other wrongdoers from similar conduct.

WHEREFORE, plaintiff prays for damages against defendants Air Methods and/or ARCH Air which will fairly and reasonably compensate the estate and/or survivors of James Edward Holstine, and each of them, for his death, in an amount to fairly and reasonably compensate all damages recognized under the law and/or the applicable Arkansas Model Jury Instruction in a total amount more than needed for federal diversity jurisdiction, including but not limited to pecuniary injuries, mental anguish, loss of consortium, the decedent's loss of life, the reasonable value of funeral expenses, the conscious pain and suffering of the deceased prior to his death, medical expenses attributable to the fatal injury, the value of any earnings, profits, salary, working time lost

by the deceased person prior to his death, all other expenses incurred as a result of his death, for punitive/exemplary damages, for attorney fees and costs, and for all other proper relief.

### Count II: Strict Products Liability - Manufacturing Defect

Plaintiff, for Count II of her cause of action against defendants Essex Industries and Ferno Aviation, states and alleges as follows:

30.     Plaintiff incorporates by reference the preceding paragraphs, as though fully set forth herein.

31.     Defendants Essex Industries and Ferno Aviation, individually and each of them, were at all relevant times engaged in the business of selling LOX valves.

32.     The LOX valve was supplied by Essex Industries and Ferno Aviation in a defective condition, which rendered it unreasonably dangerous, as a result of the following manufacturing defects:

    a.     The valve restricted oxygen flow;

    b.     The valve allowed for debris to accumulate, restricting flow; and/or

    c.     The valve allowed for and/or caused a crusty substance to develop, restricting flow.

33.     The LOX valve was unreasonably dangerous when put to a reasonably anticipated use.

34.     The LOX valve was, at all relevant times, used in a manner reasonably anticipated by Essex Industries and Ferno Aviation.

35.     As a direct and proximate result of the manufacturing defect(s) existing in the LOX valve sold by defendants Essex Industries and Ferno Aviation, James Edward Holstine died. Moreover, he experienced conscious pain and suffering before his death.

36.     Because of James Edward Holstine's death, Rosetta Holstine, Shelia Middlebrooks, Marvene Mills, Yvonne Burch, LeaAnn Dunn, and Duana Batterton have been and in the future will be deprived of his services, earnings, companionship, comfort, instruction, guidance, counsel, and support. They have each also sustained mental anguish as a result of James Edward Holstine's death.

37.     Plaintiff has also incurred medical, funeral, burial, and other expenses as a result of James Edward Holstine's death.

WHEREFORE, plaintiff prays for damages against defendants Essex Industries and Ferno Aviation which will fairly and reasonably compensate the estate and/or survivors of James Edward Holstine, and each of them, for his death, in an amount to fairly and reasonably compensate all damages recognized under the law and/or the applicable Arkansas Model Jury Instruction in a total amount more than needed for federal diversity jurisdiction, including but not limited to pecuniary injuries, mental anguish, loss of consortium, the decedent's loss of life, the reasonable value of funeral expenses, the conscious pain and suffering of the deceased prior to his death, medical expenses attributable to the fatal injury, the value of any earnings, profits, salary, working time lost by the deceased person prior to his death, all other expenses incurred as a result of his death, for attorney fees and costs, and for all other proper relief.

## Count III: Strict Products Liability - Design Defect

Plaintiff, for Count III of her cause of action against defendants Essex Industries and Ferno Aviation, states and alleges as follows:

38.     Plaintiff incorporates by reference the preceding paragraphs, as though fully set forth herein.

39.     Defendants Essex Industries and Ferno Aviation, individually and each of them, were at all relevant times engaged in the business of selling LOX valves.

40.     The LOX valve was supplied by Essex Industries and Ferno Aviation in a defective condition, which rendered it unreasonably dangerous, as a result of the following design defects:

a.     The valve restricted oxygen flow;

b.     The valve allowed for debris to accumulate, restricting flow; and/or

c.     The valve allowed for and/or caused a crusty substance to develop, restricting flow.

41.     The LOX valve was unreasonably dangerous when put to a reasonably anticipated use.

42.     The LOX valve was, at all relevant times, used in a manner reasonably anticipated by Essex Industries and Ferno Aviation.

43.     As a direct and proximate result of the manufacturing defect(s) existing in the LOX valve sold by defendants Essex Industries and Ferno Aviation, James Edward Holstine died. Moreover, he experienced conscious pain and suffering before his death.

44.     Because of James Edward Holstine's death, Rosetta Holstine, Shelia Middlebrooks, Marvene Mills, Yvonne Burch, LeaAnn Dunn, and Duana Batterton have been and in the future will be deprived of his services, earnings, companionship, comfort, instruction, guidance, counsel, and support. They have each also sustained mental anguish as a result of James Edward Holstine's death.

45.     Plaintiff has also incurred medical, funeral, burial, and other expenses as a result of James Edward Holstine's death.

WHEREFORE, plaintiff prays for damages against defendants Essex Industries and Ferno Aviation which will fairly and reasonably compensate the estate and/or survivors of James Edward Holstine, and each of them, for his death, in an amount to fairly and reasonably compensate all damages recognized under the law and/or the applicable Arkansas Model Jury Instruction in a total

amount more than needed for federal diversity jurisdiction, including but not limited to pecuniary injuries, mental anguish, loss of consortium, the decedent's loss of life, the reasonable value of funeral expenses, the conscious pain and suffering of the deceased prior to his death, medical expenses attributable to the fatal injury, the value of any earnings, profits, salary, working time lost by the deceased person prior to his death, all other expenses incurred as a result of his death, for attorney fees and costs, and for all other proper relief.

### Count IV: Strict Products Liability - Failure to Warn

Plaintiff, for Count IV of her cause of action against defendants Essex Industries and Ferno Aviation, states and alleges as follows:

46.    Plaintiff incorporates by reference the preceding paragraphs, as though fully set forth herein.

47.    Defendants Essex Industries and Ferno Aviation, individually and each of them, were at all relevant times engaged in the business of selling LOX valves.

48.    The LOX valve was supplied by Essex Industries and Ferno Aviation in a defective condition, which rendered it unreasonably dangerous, as a result the failure to warn of the following defects:

    a.    The valve restricted oxygen flow;

    b.    The valve allowed for debris to accumulate, restricting flow; and/or

    c.    The valve allowed for and/or caused a crusty substance to develop, restricting flow.

49.    The LOX valve was unreasonably dangerous when put to a reasonably anticipated use.

50.     The LOX valve was, at all relevant times, used in a manner reasonably anticipated by Essex Industries and Ferno Aviation.

51.     As a direct and proximate result of the manufacturing defect(s) existing in the LOX valve sold by defendants Essex Industries and Ferno Aviation, James Edward Holstine died. Moreover, he experienced conscious pain and suffering before his death.

52.     Because of James Edward Holstine's death, Rosetta Holstine, Shelia Middlebrooks, Marvene Mills, Yvonne Burch, LeaAnn Dunn, and Duana Batterton have been and in the future will be deprived of his services, earnings, companionship, comfort, instruction, guidance, counsel, and support. They have each also sustained mental anguish as a result of James Edward Holstine's death.

53.     Plaintiff has also incurred medical, funeral, burial, and other expenses as a result of James Edward Holstine's death.

54.     Plaintiff demands a jury trial.

55.     Plaintiff reserves the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damage claims as discovery develops.

WHEREFORE, plaintiff prays for damages against defendants Essex Industries and Ferno Aviation which will fairly and reasonably compensate the estate and/or survivors of James Edward Holstine, and each of them, for his death, in an amount to fairly and reasonably compensate all damages recognized under the law and/or the applicable Arkansas Model Jury Instruction in a total amount more than needed for federal diversity jurisdiction, including but not limited to pecuniary injuries, mental anguish, loss of consortium, the decedent's loss of life, the reasonable value of funeral expenses, the conscious pain and suffering of the deceased prior to his death, medical expenses attributable to the fatal injury, the value of any earnings, profits, salary, working time lost

by the deceased person prior to his death, all other expenses incurred as a result of his death, for

attorney fees and costs, and for all other proper relief.

STRONG, GARNER, BAUER, P.C.

Steve Garner -- AR Bar # 2012295
Neil Chanter - MO Bar # 49507
Grant Rahmeyer - AR Bar # 2012098
415 E. Chestnut Expressway
Springfield, MO 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
neilchanter@stronglaw.com
grahmeyer@stronglaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following attorneys of record for each of the parties to the action by (X) Mailing ( ) Faxing ( ) Electronic Mail ( ) Overnight Delivery ( ) ECF ( ) Hand-Delivering a copy to their respective offices, as prescribed by law, on this 1st day of February, 2016.

Jeffrey L. Singleton
Baxter D. Drennon
Wright Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Phone: 501-371-0808
Fax: 501-376-9442
jsingleton@wlj.com
bdrennon@wlj.com
*Attorneys for Defendants Air Methods Corporation*
*and LifeNet, Inc. d/b/a ARCH Air Medical Service*

STRONG-GARNER-BAUER, P.C.

## IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS

LEAANN DUNN, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JAMES EDWARD HOLSTINE                                              **FILED**

                                                                     12:45 P ___ M

                                                                     **PLAINTIFF**
VS.                          NO. CV-2015-110-1                        JUN 1 6 2015

                                                                     Canda J. Rieg Clerk
                                                                     by D.C. _____

AIR METHODS CORPORATION,
And LIFENET, INC. d/b/a ARCH AIR
MEDICAL SERVICE                                                      **DEFENDANTS**

### ANSWER ON BEHALF OF AIR METHODS CORPORATION
### TO PLAINTIFF'S COMPLAINT

Comes now, separate defendant, Air Methods Corporation ("Air Methods"),
and for its answer to plaintiffs' complaint ("Complaint"), by and through its
attorneys, Wright, Lindsey & Jennings LLP, and states:

1.      Air Methods lacks sufficient knowledge or information to admit or
deny the allegations contained in Paragraph 1 of the Complaint, and therefore
denies same.

2.      Air Methods admits the allegations contained in Paragraph 2 of the
Complaint.

3.      The allegations set forth within Paragraph 3 of the Complaint do not
relate to or involve this defendant, as such a responsive pleading is neither
necessary nor required.

4.      Air Methods denies any and all allegations of negligence, malpractice,
or other form of actionable misconduct occurring anywhere at any time with respect

1263445-v1

to the care, treatment, and services provided to James Edward Holstine.   All remaining allegations set forth within Paragraph 4 of the Complaint are denied both generally and specifically.

5.   Air Methods denies the allegations set forth within Paragraph 5 of the Complaint to the extent those allegations are contrary to, or inconsistent with, Arkansas law or the standards of care established pursuant to AMI 1501 and Ark. Code Ann. §16-114-201, et seq.

6.   Pleading in response to Paragraph 6 of the Complaint, Air Methods asserts that all information regarding the care, treatment, and/or diagnosis of James Edward Holstine is contained within his medical records from Fulton County Hospital.  Out of an abundance of caution, and pending further discovery, including obtaining and reviewing said medical records, Air Methods denies all allegations set forth within Paragraph 6 of the Complaint that are contrary to, or inconsistent with, those medical records, or what actually occurred.

7.   Pleading in response to Paragraph 7 of the Complaint, Air Methods asserts that all information regarding the care, treatment, and/or diagnosis of James Edward Holstine is contained within his medical records from Fulton County Hospital and/or Baxter Regional Medical Center.  Out of an abundance of caution, and pending further discovery, including obtaining and reviewing said medical records, Air Methods denies all allegations set forth within Paragraph 7 of the Complaint that are contrary to, or inconsistent with, those medical records, or what actually occurred.

2

8.     Pleading in response to Paragraph 8 of the Complaint, Air Methods asserts that all information regarding the care, treatment, and/or diagnosis of James Edward Holstine is contained within his medical records from Baxter Regional Medical Center.   Out of an abundance of caution, and pending further discovery, including obtaining and reviewing said medical records, Air Methods denies all allegations set forth within Paragraph 8 of the Complaint that are contrary to, or inconsistent with, those medical records, or what actually occurred.

9.     Pleading in response to Paragraph 9 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.   The information specific to that transport is contained within the transport records.   Air Methods denies all allegations set forth within Paragraph 9 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

10.     Pleading in response to Paragraph 10 of the Complaint, out of an abundance of caution and pending further discovery, Air Methods denies those allegations generally and specifically.

11.     Pleading in response to Paragraph 11 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.   The information specific to that transport is contained within the transport records.   Air Methods denies all allegations set forth within

3

Paragraph 11 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

12.     Pleading in response to Paragraph 12 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.   The information specific to that transport is contained within the transport records.   Air Methods denies all allegations set forth within Paragraph 12 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

13.     Pleading in response to Paragraph 13 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.   The information specific to that transport is contained within the transport records.   Air Methods denies all allegations set forth within Paragraph 13 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

14.     Pleading in response to Paragraph 14 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.   The information specific to that transport is contained within the transport records.   Air Methods denies all allegations set forth within

4

Paragraph 14 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

15.    Pleading in response to Paragraph 15 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.  The information specific to that transport is contained within the transport records.  Air Methods denies all allegations set forth within Paragraph 15 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

16.    Pleading in response to Paragraph 16 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.  The information specific to that transport is contained within the transport records.  Air Methods denies all allegations set forth within Paragraph 16 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

17.    Pleading in response to Paragraph 17 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center to St. Francis Mercy Hospital in Mountain View, Missouri. The information specific to that transport is contained within the transport records, while the information specific to care and treatment provided by St. Francis Mercy Hospital is contained with Mr. Holstine's medical records from that facility.  Air

5

Methods denies all allegations set forth within Paragraph 17 of the Complaint that are contrary to, or inconsistent with, those records, or what actually occurred.

18. Pleading in response to Paragraph 18 of the Complaint, Air Methods admits that it was involved in the transport of James Edward Holstine from St. Francis Mercy Hospital in Mountain View, Missouri to Barnes-Jewish Hospital in St. Louis, Missouri. The information specific to that transport is contained within the transport records. Air Methods denies all allegations set forth within Paragraph 18 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

19. Pleading in response to Paragraph 19 of the Complaint, Air Methods asserts that all information regarding the care, treatment, and/or diagnosis of James Edward Holstine is contained within his medical records from Barnes-Jewish Hospital. Out of an abundance of caution, and pending further discovery, including obtaining and reviewing said medical records, Air Methods denies all allegations set forth within Paragraph 19 of the Complaint that are contrary to, or inconsistent with, those medical records, or what actually occurred.

20. Air Methods denies both generally and specifically all allegations set forth within Paragraph 20 of the Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), and (g) appearing thereunder.

21. Air Methods denies both generally and specifically all allegations set forth within Paragraph 21 of the Complaint.

6

22.    Air Methods denies both generally and specifically all allegations set forth within Paragraph 22 of the Complaint.

23.    Pleading in response to Paragraph 23 of the Complaint, out of abundance of caution and pending further discovery, the allegations set forth within that paragraph are denied both generally and specifically.

24.    Pleading in response to Paragraph 24 of the Complaint, out of an abundance of caution and pending further discovery, the allegations set forth within that paragraph are denied both generally and specifically.

25.    Air Methods denies both generally and specifically all allegations set forth within Paragraph 25 of the Complaint.

26.    Air Methods joins plaintiff's demand for trial by jury, and specifically requests trial by a jury consisting of twelve (12) persons.

27.    Pleading in response to Paragraph 27 of the Complaint, Air Methods likewise reserves its rights to supplement and/or amend its pleadings as discovery proceeds.

28.    Air Methods denies all allegations and assertions set forth within the WHEREFORE clause of the Complaint.

29.    Air Methods denies all allegations set forth within the Complaint not specifically admitted herein.

30.    Out of an abundance of caution and pending further discovery, Air Methods pleads and preserves all defenses specified by Ark. R. Civ. P. 12(b), including, but not limited to, 12(b)(4) and (5).

7

31.     Out of an abundance of caution and pending further discovery, Air Methods pleads and preserves all defenses specified by Ark. R. Civ. P. 8(c), including, but not limited to, negligence and/or fault of others; intervening superseding proximate cause; and, absence of fault.

32.     Pleading affirmatively, and out of an abundance of caution pending further discovery, Air Methods asserts all defenses and/or bars to recovery provided by the Arkansas Medical Malpractice Act, as codified at Ark. Code Ann. § 16-114-201, et seq.

33.     Pleading affirmatively, and out of an abundance of caution pending further discovery, Air Methods asserts all defenses and/or bars to recovery provided by the Civil Justice Reform Act of 2003, as codified at Ark. Code Ann. § 16-55-201, et seq.

34.     Pleading affirmatively, Air Methods states that plaintiff's injuries or damages were proximately caused by the fault or responsibility of one or more individuals or entities who were not under the control of Air Methods and/or were not the responsibility of Air Methods.

35.     Pleading affirmatively, this defendant states that for each of the following reasons, plaintiff's punitive damages claim violates this defendant's due process and equal protection rights afforded by the United States Constitution and as made applicable by the Fourteenth Amendment, as well as the corresponding due process provisions of the Arkansas Constitution, and that the punitive damages claim should therefore be dismissed with prejudice:

8

a. An award of punitive damages is punishment, and without the same protections that are accorded to criminal defendants, including but not limited to, protections against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witness, a speedy trial and the effective assistance of counsel. Any punitive damages awarded in this case would violate this defendant's rights under Amendments IV, V and VI of the United States Constitution, as incorporated by Amendment XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

b. This defendant is entitled to, but will not receive, fair notice regarding the amount of a potential punitive damages award. Under current law, this defendant cannot receive fair notice regarding punitive damages.

c. Any punitive damages awarded to the plaintiff in this case under existing law would be arbitrary and would thus violate this defendant's constitutional rights because (1) punitive damages are not subject to a predetermined limit; (2) there is no reasonable standard for determining a limit to punitive damages in this case; (3) the jury is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (4) there is no established burden of proof for punitive damages, any award of punitive damages without requiring the plaintiff to prove every element beyond a reasonable doubt, or, in the alternative, by clear and convincing evidence, violates

9

this defendant's constitutional rights; (5) the jury is permitted to award punitive damages even though the law does not define with sufficient clarity the conduct and mental state that make punitive damages permissible, and the trier of fact is not given sufficient guidelines regarding how to determine the reprehensibility of this defendant's conduct, but not limited to, consideration of the character and degree of the alleged wrong and whether to discriminate between economic harm and physical harm; (6) the jury is not instructed on the limits of punitive damages imposed by applicable principals of deterrents and punishment; (7) the jury is not prohibited from awarding punitive damages, in whole or in part, on the basis of insidiously discriminatory characteristics including the personal or corporate status of the defendant; and (8) the award is not subject to judicial review on the basis of objective standards.

d. An award of punitive damages premised on the facts as alleged in the Complaint would necessarily be grossly excessive in relation to the States legitimate interest in punishment and deterrents.

e. An award of punitive damages under Arkansas and Federal law compensates the plaintiff for elements of damage that are not otherwise recognized by law and that constitute an unlawful windfall to the Plaintiff.

f. The trier of fact is not instructed that the plaintiff is presumed to have been made whole by any compensatory damages award and thus an

1262445-v1

award of punitive damages violates the defendant's due process rights, because it subjects the defendant to an acute danger of unlawful and unreasonable deprivation of property.

    g. An award of punitive damages in this matter would constitute an unlawful taking of the defendant's property in violation of the Arkansas and United States Constitutions

WHEREFORE, premises considered, separate defendant Air Methods Corporation, prays that Complaint be dismissed; and that plaintiff receive no recovery; and that it receive all other relief to which it may be entitled

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442


By _____
    Jeffrey L. Singleton (98175)
    Baxter D. Drennon (2010147)
    *Attorneys for Defendants*
    *Air Methods Corporation*

11

## CERTIFICATE OF SERVICE

On June 18, 2015, a copy of the foregoing was served by U.S. mail on the following:

Mr. Steve Garner
Mr. Neil Chanter
Mr. Grant Rahmeyer
Strong, Garner, Bauer, P.C.
415 E. Chestnut Expressway
Springfield, MO 65802

Jeffrey L. Singleton

12

1262445-v1

FILED
11:08 A___M

### IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS

JUN 18 2015

LEAANN DUNN, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JAMES EDWARD HOLSTINE                    by D.C.
                                            PLAINTIFF

VS.                        NO. CV-2015-110-1

AIR METHODS CORPORATION,
And LIFENET, INC. d/b/a ARCH AIR
MEDICAL SERVICE                                   DEFENDANTS

### ANSWER ON BEHALF OF LIFENET, INC. d/b/a
### ARCH AIR MEDICAL SERVICE'S TO
### PLAINTIFF'S COMPLAINT

Comes now, separate defendant, LifeNet, Inc. d/b/a Arch Air Medical Services

("LifeNet"), and for its answer to plaintiff's complaint ("Complaint"), by and through

its attorneys, Wright, Lindsey & Jennings LLP, and states:

1.      LifeNet lacks sufficient knowledge or information to admit or deny the

allegations in Paragraph 1 of the Complaint, and therefore denies same.

2.      LifeNet admits the allegations in Paragraph 2 of the Complaint.

3.      LifeNet denies the allegations set forth in Paragraph 3 of the

Complaint to the extent it alleges that service of process can be perfected upon this

Defendant to create personal jurisdiction in Arkansas through service of process

directed to LifeNet in the state of Missouri.

4.      LifeNet denies any and all allegations of negligence, malpractice, or

other form of actionable misconduct occurring anywhere at any time with respect to

the care, treatment, and services provided to James Edward Holstine.   All

1262525-v1

remaining allegations set forth within Paragraph 4 of the Complaint are denied both generally and specifically.

5.     LifeNet denies the allegations set forth within Paragraph 5 of the Complaint to the extent those allegations are contrary to, or inconsistent with, Arkansas law or the standards of care established pursuant to AMI 1501 and Ark. Code Ann. §16-114-201, et seq.

6.     Pleading in response to Paragraph 6 of the Complaint, LifeNet asserts that all information regarding the care, treatment, and/or diagnosis of James Edward Holstine is contained within his medical records from Fulton County Hospital.  Out of an abundance of caution, and pending further discovery, including obtaining and reviewing said medical records, LifeNet denies all allegations set forth within Paragraph 6 of the Complaint that are contrary to, or inconsistent with, those medical records, or what actually occurred.

7.     Pleading in response to Paragraph 7 of the Complaint, LifeNet asserts that all information regarding the care, treatment, and/or diagnosis of James Edward Holstine is contained within his medical records from Fulton County Hospital and/or Baxter Regional Medical Center.  Out of an abundance of caution, and pending further discovery, including obtaining and reviewing said medical records, LifeNet denies all allegations set forth within Paragraph 7 of the Complaint that are contrary to, or inconsistent with, those medical records, or what actually occurred.

2

8.    Pleading in response to Paragraph 8 of the Complaint, LifeNet asserts that all information regarding the care, treatment, and/or diagnosis of James Edward Holstine is contained within his medical records from Baxter Regional Medical Center.  Out of an abundance of caution, and pending further discovery, including obtaining and reviewing said medical records, LifeNet denies all allegations set forth within Paragraph 8 of the Complaint that are contrary to, or inconsistent with, those medical records, or what actually occurred.

9.    Pleading in response to Paragraph 9 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.  The information specific to that transport is contained within the transport records.  LifeNet denies all allegations set forth within Paragraph 9 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

10.    Pleading in response to Paragraph 10 of the Complaint, out of an abundance of caution and pending further discovery, LifeNet denies those allegations generally and specifically.

11.    Pleading in response to Paragraph 11 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.  The information specific to that transport is contained within the transport records.  LifeNet denies all allegations set forth within

3

Paragraph 11 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

12.   Pleading in response to Paragraph 12 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.  The information specific to that transport is contained within the transport records.  LifeNet denies all allegations set forth within Paragraph 12 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

13.   Pleading in response to Paragraph 13 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.  The information specific to that transport is contained within the transport records.  LifeNet denies all allegations set forth within Paragraph 13 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

14.   Pleading in response to Paragraph 14 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.  The information specific to that transport is contained within the transport records.  LifeNet denies all allegations set forth within

4

Paragraph 14 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

16.    Pleading in response to Paragraph 15 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.   The information specific to that transport is contained within the transport records.    LifeNet denies all allegations set forth within Paragraph 15 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

16.    Pleading in response to Paragraph 16 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center with the intended destination of Barnes-Jewish Hospital in St. Louis, Missouri.   The information specific to that transport is contained within the transport records.    LifeNet denies all allegations set forth within Paragraph 16 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

17.    Pleading in response to Paragraph 17 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from Baxter Regional Medical Center to St. Francis Mercy Hospital in Mountain View, Missouri. The information specific to that transport is contained within the transport records, while the information specific to care and treatment provided by St. Francis Mercy Hospital is contained within Mr. Holstine's medical records from that facility.

5

LifeNet denies all allegations set forth within Paragraph 17 of the Complaint that are contrary to, or inconsistent with, those records, or what actually occurred.

18.     Pleading in response to Paragraph 18 of the Complaint, LifeNet admits that it was involved in the transport of James Edward Holstine from St. Francis Mercy Hospital in Mountain View, Missouri to Barnes-Jewish Hospital in St. Louis, Missouri.   The information specific to that transport is contained within the transport records.  LifeNet denies all allegations set forth within Paragraph 18 of the Complaint that are contrary to, or inconsistent with, those transport records, or what actually occurred.

19.     Pleading in response to Paragraph 19 of the Complaint, LifeNet asserts that all information regarding the care, treatment, and/or diagnosis of James Edward Holstine is contained within his medical records from Barnes-Jewish Hospital.  Out of an abundance of caution, and pending further discovery, including obtaining and reviewing said medical records, LifeNet denies all allegations set forth within Paragraph 19 of the Complaint that are contrary to, or inconsistent with, those medical records, or what actually occurred.

20.     LifeNet denies both generally and specifically all allegations set forth within Paragraph 20 of the Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), and (g) appearing thereunder.

21.     LifeNet denies both generally and specifically all allegations set forth within Paragraph 21 of the Complaint.

6

22.    LifeNet denies both generally and specifically all allegations set forth within Paragraph 22 of the Complaint.

23.    Pleading in response to Paragraph 23 of the Complaint, out of abundance of caution and pending further discovery, the allegations set forth within that paragraph are denied both generally and specifically.

24.    Pleading in response to Paragraph 24 of the Complaint, out of an abundance of caution and pending further discovery, the allegations set forth within that paragraph are denied both generally and specifically.

25.    LifeNet denies both generally and specifically all allegations set forth within Paragraph 25 of the Complaint.

26.    LifeNet joins plaintiff's demand for trial by jury, and specifically requests trial by a jury consisting of twelve (12) persons.

27.    Pleading in response to Paragraph 27 of the Complaint, LifeNet likewise reserves its rights to supplement and/or amend its pleadings as discovery proceeds.

28.    LifeNet denies all allegations and assertions set forth within the WHEREFORE clause of the Complaint.

29.    LifeNet denies all allegations set forth within the Complaint not specifically admitted herein.

30.    Out of an abundance of caution and pending further discovery, LifeNet pleads and preserves all defenses specified by Ark. R. Civ. P. 12(b), including, but not limited to, 12(b)(2),(4) and (5).

7

31.     Out of an abundance of caution and pending further discovery, LifeNet pleads and preserves all defenses specified by Ark. R. Civ. P. 8(c), including, but not limited to, negligence and/or fault of others; intervening superseding proximate cause; and, absence of fault.

32.     Pleading affirmatively, and out of an abundance of caution pending further discovery, LifeNet asserts all defenses and/or bars to recovery provided by the Arkansas Medical Malpractice Act, as codified at Ark. Code Ann. § 16-114-201, et seq.

33.     Pleading affirmatively, and out of an abundance of caution pending further discovery, LifeNet asserts all defenses and/or bars to recovery provided by the Civil Justice Reform Act of 2003, as codified at Ark. Code Ann. § 16-55-201, et seq.

34.     Pleading affirmatively, LifeNet states that plaintiff's injuries or damages were proximately caused by the fault or responsibility of one or more individuals or entities who were not under the control of LifeNet and/or were not the responsibility of LifeNet.

35.     Pleading affirmatively, this defendant states that for each of the following reasons, plaintiff's punitive damages claim violates this defendant's due process and equal protection rights afforded by the United States Constitution and as made applicable by the Fourteenth Amendment, as well as the corresponding due process provisions of the Arkansas Constitution, and that the punitive damages claim should therefore be dismissed with prejudice:

8

a. An award of punitive damages is punishment, and without the same protections that are accorded to criminal defendants, including but not limited to, protections against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witness, a speedy trial and the effective assistance of counsel. Any punitive damages awarded in this case would violate this defendant's rights under Amendments IV, V and VI of the United States Constitution, as incorporated by Amendment XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

b. This defendant is entitled to, but will not receive, fair notice regarding the amount of a potential punitive damages award. Under current law, this defendant cannot receive fair notice regarding punitive damages.

c. Any punitive damages awarded to the plaintiff in this case under existing law would be arbitrary and would thus violate this defendant's constitutional rights because (1) punitive damages are not subject to a predetermined limit; (2) there is no reasonable standard for determining a limit to punitive damages in this case; (3) the jury is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (4) there is no established burden of proof for punitive damages, any award of punitive damages without requiring the plaintiff to prove every element beyond a reasonable doubt, or, in the alternative, by clear and convincing evidence, violates

9

this defendant's constitutional rights; (5) the jury is permitted to award punitive damages even though the law does not define with sufficient clarity the conduct and mental state that make punitive damages permissible, and the trier of fact is not given sufficient guidelines regarding how to determine the reprehensibility of this defendant's conduct, but not limited to, consideration of the character and degree of the alleged wrong and whether to discriminate between economic harm and physical harm; (6) the jury is not instructed on the limits of punitive damages imposed by applicable principals of deterrents and punishment; (7) the jury is not prohibited from awarding punitive damages, in whole or in part, on the basis of insidiously discriminatory characteristics including the personal or corporate status of the defendant; and (8) the award is not subject to judicial review on the basis of objective standards.

d.  An award of punitive damages premised on the facts as alleged in the Complaint would necessarily be grossly excessive in relation to the States legitimate interest in punishment and deterrents.

e.  An award of punitive damages under Arkansas and Federal law compensates the plaintiff for elements of damage that are not otherwise recognized by law and that constitute an unlawful windfall to the Plaintiff.

f.  The trier of fact is not instructed that the plaintiff is presumed to have been made whole by any compensatory damages award and thus an

award of punitive damages violates the defendant's due process rights, because it subjects the defendant to an acute danger of unlawful and unreasonable deprivation of property.

g. An award of punitive damages in this matter would constitute an unlawful taking of the defendant's property in violation of the Arkansas and United States Constitutions

WHEREFORE, premises considered, separate defendant LifeNet Corporation d/b/a Arch Air Medical Services, prays that the Complaint be dismissed; and that plaintiff receive no recovery; and that it receive all other relief to which it may be entitled.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

By _____
Jeffrey L. Singleton (98175)
Baxter D. Drennon (2010147)
*Attorneys for Defendants*
*LifeNet Corporation*

11

CERTIFICATE OF SERVICE

On June 18, 2015, a copy of the foregoing was served by U.S. mail on the following:

*Mr. Steve Garner*
*Mr. Neil Chanter*
*Mr. Grant Rahmeyer*
*Strong, Garner, Bauer, P.C.*
*415 E. Chestnut Expressway*
*Springfield, MO 65802*


Jeffrey L. Singleton

12

## IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS
## CIVIL DIVISION

LEAANN DUNN, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JAMES EDWARD HOLSTINE                                    PLAINTIFF

VS.                              NO. CV-2015-110-1

AIR METHODS CORPORATION,
And LIFENET, INC. d/b/a ARCH AIR
MEDICAL SERVICE                                            DEFENDANTS

## NOTICE OF VIDEOTAPED DEPOSITION OF LELAND TILLMAN

**TO:**   Defendants' Counsel of Record

   YOU ARE HEREBY NOTIFIED that a deposition will be taken to preserve evidence in
the above-entitled cause as hereinafter set forth:

**Place:**        The deposition will take place at Midwest Litigation Service, 711 North 11th
              Street, St. Louis, Missouri 63101.

**Time:**         The deposition will begin at <u>**9:00 a.m. on January 21, 2016,**</u> and shall continue
              from day-to-day, or as long as necessary to complete.

**Witness:**      **LELAND TILLMAN**

**Court Reporter:**   Midwest Litigation, 2422 E. Madrid Ave., Springfield, MO 65804; Phone:
              (417) 877-9700; Fax: (417) 877-9704.

**Videographer:**   Midwest Litigation, 2422 E. Madrid Ave., Springfield, MO 65804; Phone:
              (417) 877-9700; Fax: (417) 877-9704.

STRONG, GARNER, BAUER, P.C.

Steve Garner – AR Bar # 2012295
Neil Chanter - MO Bar # 49507
Grant Rahmeyer - AR Bar # 2012098
415 E. Chestnut Expressway
Springfield, MO 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
neilchanter@stronglaw.com
grahmeyer@stronglaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following attorneys of record for each of the parties to the action by ( ✓ ) Mailing ( ) Faxing ( ✓ ) Electronic Mail ( ) Overnight Delivery ( ) ECF ( ) Hand-Delivering a copy to their respective offices, as prescribed by law, on this 30th day of December, 2015.

Jeffrey L. Singleton
Baxter D. Drennon
Wright Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Phone: 501-371-0808
Fax: 501-376-9442
jsingleton@wlj.com
bdrennon@wlj.com
**Attorneys for Defendants**

STRONG-GARNER-BAUER, P.C.

FILED

BAXTER COUNTY, ARKANSAS

SEP 2 9 2015

IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS   Clerk

CIVIL DIVISION

by D.

LEAANN DUNN, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JAMES EDWARD HOLSTINE                                          **PLAINTIFF**

VS.                                   NO. CV-2015-110-1

AIR METHODS CORPORATION,
And LIFENET, INC. d/b/a ARCH AIR
MEDICAL SERVICE                                                  **DEFENDANTS**

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) that may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

1.     It is agreed that material requested by any of the parties, which they deem confidential, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

a.     Counsel for plaintiff and counsel for defendant who are actively engaged in the conduct of this litigation and to their staffs to the extent reasonably necessary to render professional services in the litigation;

1275403-v1

1

b. The parties to the litigation, including their employees, employers and experts;

c. Deponents and trial and hearing witnesses;

d. Court personnel, any mediator involved in this action, and employees of any such mediator; and

e. Any other individuals included by order of the Court.

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

2. The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

3. A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein confidential information or materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made by letter sent by facsimile or electronic mail to opposing counsel within twenty-one (21) business days after receipt of the transcript. Any confidentiality designation asserted on the record during a deposition must be

2

confirmed in writing within this same time period, providing the specific pages of the transcript that are designated as "CONFIDENTIAL." The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the twenty-first (21st) business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the twenty-first (21st) business day after receipt of the transcript are excluded from the protections of this Protective Order.

4.     A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL." The party seeking to maintain materials as "CONFIDENTIAL" will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

3

5.    Subject to the Arkansas Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

6.    Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise.  The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order.  Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

7.    No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

8.    The information and documentation covered under this Protective Order shall be used only for purposes of this litigation.  No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order.  No individual shall use any of the

information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

9. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

10. Within ninety days (90) after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be returned to the party which produced the documents or, if agreed to by the parties, destroyed.

11. For purposes of this agreed order, the term "CONFIDENTIAL" shall mean a trade secret or other confidential research, development, or commercial information.


IT IS SO ORDERED.

_____
CIRCUIT COURT JUDGE

9-26-15
_____
Date

APPROVED AS TO FORM:

Mr. Steve Garner
Mr. Neil Chanter
Mr. Grant Rahmeyer
Strong, Garner, Bauer, P.C.
415 E. Chestnut Expressway
Springfield, MO 65802

By: _____

   *Attorneys for Plaintiff*

Mr. Jeff Singleton
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699

By: _____

   *Attorneys for Defendants*

FILED
1:00 P M

IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS    JUL 2 4 2015

| | |
|---|---|
| LEAANN DUNN, PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES EDWARD HOLSTINE, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| AIR METHODS CORPORATION, and LIFENET, INC. d/b/a ARCH AIR MEDICAL SERVICE | ) ) ) ) |
| Defendants. | ) |

Canda J Ryan Clerk
by D.C.

Case No. CV-2015-110-1

## CERTIFICATE OF SERVICE

COMES NOW plaintiff and hereby certifies that the following were served upon the defendants by and through their attorneys of record at the address listed below by (X) Mailing ( ) Faxing (X) Electronic Mail ( ) Overnight Delivery ( ) ECF ( ) Hand-Delivering a copy to their respective offices, as prescribed by law, on this 22nd day of July, 2015:

1.  *Plaintiff's First Interrogatories to Defendants Air Methods Corporation and LifeNet, Inc. d/b/a ARCH Air Medical Service*; and

2.  *Plaintiff's First Request for Production to Defendants.*

STRONG, GARNER, BAUER, P.C.

Steve Garner – AR Bar # 2012295
Neil Chanter - MO Bar # 49507
Grant Rahmeyer - AR Bar # 2012098
415 E. Chestnut Expressway
Springfield, MO 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
neilchanter@stronglaw.com
grahmeyer@stronglaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following attorneys of record for each of the parties to the action by (X) Mailing ( ) Faxing (X) Electronic Mail ( ) Overnight Delivery ( ) ECF ( ) Hand-Delivering a copy to their respective offices, as prescribed by law, on this 22nd day of July, 2015.

Jeffrey L. Singleton
Baxter D. Drennon
Wright Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Phone: 501-371-0808
Fax: 501-376-9442
jsingleton@wlj.com
bdrennon@wlj.com
**Attorneys for Defendants**

STRONG-GARNER-BAUER, P.C.

5|B
6-10

## THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS
### CIVIL DIVISION [Civil, Probate, etc.]

LEAANN DUNN, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JAMES EDWARD HOLSTINE,

Plaintiff,

    vs.

Case No. CV-2015-110-1

AIR METHODS CORPORATION, and
LIFENET, INC. d/b/a ARCH AIR
MEDICAL SERVICE

**FILED**
10:00 A M

Defendants.

### SUMMONS

JUN 05 2015

### THE STATE OF ARKANSAS TO DEFENDANT:

Canda J. Keese Clerk
3OCTCORL   by D.C. _____

LifeNet, Inc. d/b/a ARCH Air Medical Service
c/o CT Corporation System, Registered Agent
120 S. Central Ave., Suite 400, Clayton, MO 63105

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Steve Garner/Neil Chanter/Grant Rahmeyer, Strong-Garner-Bauer, P.C., 415 East Chestnut Expressway, Springfield, Missouri 65802

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

**RECEIVED**
MAY 19 2015

2015 MAY 19 AM 9:
ST. LOUIS COUNTY
SHERIFF'S OFFICE

Address of Clerk's Office
One East 7th
Mountain Home, AR 72653

Canda J. Keese, Clerk
by K. Smith D.C.
[Signature of Clerk or Deputy Clerk]

Date: 5-11-15
[SEAL]

15-SMCC-3830



## OFFICER'S AFFIDAVIT OF SERVICE

**Court Case Number:** CV20151101     **ESTATE OF JAMES HOLSTINE V AIR METHODS CORP ET AL**

**Service Upon:**   AIR METHODS CORPORATION  at  120 S CENTRAL AVE #400  % CT CORP  CLAYTON, MO 63105

I hereby certify that:

  1) I am authorized to serve process in civil actions within the state or territory where the document was served.

  2) My official title is Deputy Sheriff of St. Louis County, Missouri

  3) I have served the within by:  **(COPIES OF ALL SERVICE DOCUMENTS ATTACHED)**

    [ ]  delivering a copy of the within to the named Defendant.

    [ ]  leaving a copy of the within at the dwelling place or usual abode of the named Defendant with a person of the Defendant's family over the age of 15 years.

    [ ]  (for service on a corporation) delivering a copy of the within to _____
                                                       *(name)*

    _____
              *(title)*

    [ ]  other_____   **CT CORA**   **LCW – B. LOVE**

    [ ]  Non Est.  After making due and diligent search the within named defendant cannot be found in St. Louis County.

In St. Louis County, Missouri on the _____ day of **MAY 2 1 2015** , 20 ___  Time ____ 9 A

                                                        **JIM BUCKLES, SHERIFF**
                                                        **ST. LOUIS COUNTY, MISSOURI**

                                                        By: _____
                                                               **Deputy Sheriff**

**SERVICE FEES:**
Summons  $_____
  Notary  $_____
  Mileage  $_____
TOTAL  $_____

SUBSCRIBED AND SWORN TO before me this _21_ day of _May_____, 20 _15_ .

    I am:  *(check one)*    [ ]  the clerk of the court of which affiant is an officer.
                                    [ ]  the judge of the court of which affiant is an officer.
                                    [ ]  authorized to administer oaths in the state in which the affiant served
                                         the above summons.

                                          Signature _____

                                          Title _____

                                                    **ROBERT E. BRUNK**
                                                     My Commission Expires
                                                     March 19, 2016
                                                     St. Louis County
                                                     Commission #12315595

Form AFFOOS - 12/2014

No. _____   This summons is for <u>LifeNet, Inc. d/b/a ARCH Air Medical Service</u> _____

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name], a person at least 14
years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of
the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, MISSOURI

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____